[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This case was presented to the court on March 15, 2000, seeking disciplinary action pursuant to Practice Book. § 2-41 as the result of the respondent's conviction by a jury of two felony counts, namely, a violation of 18 U.S.C. § 1512 (b)(3) (obstruction of an investigation) and 18 U.S.C. § 1001 (a)(2) (making a false statement to a federal officer). The respondent was sentenced by Alfred C. Covello, Chief United States District Judge on February 25, 2000, to a concurrent term of six months probation on each of the two counts, fined $500, and ordered to pay a special assessment of $100.
On March 8, 2000, Janet Bond Artherton, United States District Judge temporarily suspended the respondent from practice. After a hearing on April 26, 2000, this court also placed the respondent on interim suspension.
After the probation ordered by Judge Covello was successfully concluded, this court held hearings on this matter on August 31, 2000 and September G, 2000. The respondent argued that the suspension should be CT Page 11134 lifted for several reasons. First, he argued that, since this court had indicated that suspension was appropriate while the probation was being served, as probation had concluded, the suspension should likewise end. Second, he argued that the four month suspension was commensurate with the minimal sentence imposed by Judge Covello. Third, he advised the court that on September 1, 2000, Judge Arterton first made the interim suspension permanent and then terminated that suspension. Finally, he argued that this disposition should be certainly no more than that imposed on a codefendant, Mark Pagani, who had committed more crimes and who had received the same sentence, and was only suspended four months by Judge Shortall. Thus, he argued that it would be unfair for this court to impose any longer suspension.
This Court has reviewed Judge Shortall's opinion, and, while persuasive, it does not control this case. The respondent herein, after pleading not guilty, was convicted by a jury of two felonies. One involved making a false statement and the other concerned advising another to make a false statement. The events occurred on two occasions — one in November 199G and the other in May 1997. As noted by the Statewide Grievance Committee, such conduct constitutes a violation of several subparts to Rule 8.4 of the Rules of Professional Conduct, which states, in relevant part,
It is professional misconduct for a lawyer to:
 (2) Commit a criminal act that reflects adversely on the lawyer's honestly, trustworthiness or fitness as a lawyer in other respects;
 (3) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation; [and]
 (4) Engage in conduct that is prejudicial to the administration of justice. . . .
 II
"`An attorney as an officer of the court in the administration of justice, is continually accountable to it for the manner in which he exercises the privilege which has been accorded him. His admission is upon the implied condition that his continued enjoyment of the right conferred is dependent upon his remaining a fit and safe person to exercise it, so that when he, by misconduct in any capacity, discloses that he has become or is an unfit or unsafe person to be entrusted with the responsibilities and obligations of an attorney, his right to continue in the enjoyment of his professional privilege may and ought to CT Page 11135 be declared forfeited. . . . Therefore, [i]f a court disciplines an attorney, it does so not to mete out punishment to an offender, but [so] that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession.'"Doe v. Statewide Grievance Committee, 240 Conn. 671, 684-85, 694 A.2d 1218
(1997), quoting Massameno v. Statewide Grievance Committee, 234 Conn. 539,554-55, 663 A.2d 317 (1995)
In ruling on the "final discipline to be imposed," this court is certainly familiar with the American Bar Association's Standards for Lawyer Sanctions ("Standards") which, while not adopted by the judges of this state, have been widely used in determining the proper sanction to impose in disciplinary actions.[1] The system balances aggravating and mitigating factors.[2]
The aggravating factors that stand out include both a pattern of misconduct and multiple offenses and further include, in this court's opinion, the refusal to acknowledge the wrongful nature of conduct. At the first hearing, the respondent testified that the whole proceeding was unfair because he was far less culpable than the other attorney. As noted earlier, he argued that it was unfair that he might be suspended longer than Mr. Pagani. At the second hearing, he testified that certain questions were never asked during the voir dire process, that the jury was not "cognizant of its decision" and finally that the decision was rendered only because the jury wanted to go home. This does not seem like the acknowledgment of wrongful conduct. There are, of course, a number of mitigating factors including absence of a prior disciplinary record, absence of a selfish motive, evidence of a good character and reputation and, of course, the imposition and serving of the federal sentence.
Just as we impose different sentences in criminal cases, we, as trial judges, also impose different penalties in attorney presentments. In disciplinary actions, "courts are, as they should be, left free to act as may in each case seem best in this matter of most important concern to them and to the administration of justice." In re Peck, 88 Conn. 457,91 A. 274 (1914). "[01 f paramount importance in attorney disciplinary matters is the protection of the court, the profession of the law and of the public against offenses of attorneys which involve their character, integrity and professional standing." (Internal quotation marks omitted.)Statewide Grievance Committee v. Shluger, supra, 230 Conn. 681.
The misconduct in this case is surely serious and warrants a longer suspension than four months. The conduct strikes at the heart of a lawyer's duty and, indeed, that oath which he or she takes when admitted to the bar: CT Page 11136
 You solemnly swear . . . that you will do no falsehood, nor consent to any to be done in court and if you know of any to be done, you will give information thereof to the judges, or one of them, that it may be reformed. . . . General Statutes § 1-25.
This court is not convinced that the mitigating factors outweigh the aggravating factors, the seriousness of the unlawful acts and the lack of remorse. The jury found that on two different occasions the respondent was involved in the making of false statements: the first in persuading another to lie and the second in directly lying himself.
This court can surely assume that after the lengthy trial Judge Covello reached his decision after considering the information that was presented in that case. This court does not have that benefit, but, after taking that sentencing into account and after balancing the Section 9.22 and 9.32 factors, this court imposes a suspension of one year, commencing April 26, 2000. This court notes that Mr. Wurz has already completed a Connecticut Bar Association course on ethics and thus no additional requirement will be imposed.
Berger, J.